## CLARK v. HALBERSTADT.

June 20, 1835.

### *Special verdict.*

In a special verdict, if the jury should not find the *facts*, but find the *evidence* in the cause, upon which facts may be inferred, the finding is defective, and the court will order a new trial.

THIS was a special verdict of a jury.   It is deemed unnecessary to state it at length, as sufficient appears in the opinion of the court to present the point decided.

*M'Call* and *Brashears*, for plaintiff.
*Chew*, for defendant.

The opinion of the Court was delivered by

STROUD, J.—A special verdict may find all the facts which the evidence in the cause will warrant, and refer the law arising upon the whole to the decision of the court, or a single point may be selected by the jury, and the decision upon that alone be submitted.   In either case the proper *facts*, and not merely *evidence* from which such facts may be inferred, must be distinctly found.   Barnes *v.* Williams, 11 *Wheat.* 416 ; Seward *v.* Jackson, 8 *Cowen* 413, *and cases there cited.* In general, if the finding be manifestly defective, a *venire facias de novo* will be awarded.   *Ibid.* ; Boraston *v.* Hay, *Cro. Eliz.* 415.

Should the jury entertain doubt upon a single point only, and refer the decision of the law upon that alone to the court, the court will not scrutinize their finding as to the facts not connected with that particular point.   "When the verdict refers one special point to the judgment of the court, *all other matters shall be intended.*"   Methin *v.* The Hundred of Thistleworth, 1 *Ventr.* 118.   For, "the court, in a special verdict, will never doubt but of that only whereof the jurors

[Clark v. Halberstadt.]

have conceived a doubt." Goodall's Case, 5 *Coke* 97; Allen *v.* Hill, *Cro. Eliz.* 238; Farchild *v.* Gayre, *Cro. Jac.* 63; Vinkestone *v.* Ebden, 1 *Salk.* 249.

In the present case *the argument of counsel* has apprized us that the point intended to be raised was, whether Mort, being the factor of Scovills, had a right to pledge the goods of Scovills to Clark, for a sum of money obtained for, and applied to, the use of Scovills. The verdict of the jury, however, presents no such point; but after finding that Mort was factor of Scovills, as regards the goods in question, and that he obtained a *loan* of 300 dollars from Clark, for the payment of which the goods appear to have been pledged as a *collateral security, a detail is given of the mode by which it was intended* Clark should gain actual possession of the goods pledged, and *how* such possession was prevented by the interference of the defendant Halberstadt. The additional express finding by the jury, that the 300 dollars borrowed by Mort from Clark were borrowed to pay, and went in part payment of a draft drawn by Scovills on Mort, constitutes the entire verdict, except the formal reference to the court: and this *reference to the court is not general of the whole law arising on all* the facts found, neither is it restricted to the single point upon which the doubt is said to have been entertained; "but whether or not, upon the *whole matter* aforesaid by the jurors aforesaid in form aforesaid found, the defendant is guilty of the *conversion aforesaid*, the jurors aforesaid are altogether ignorant," &c.

Without giving any opinion upon the question of conversion, which is the only point submitted to us, we consider it proper to set aside this verdict and direct a new trial, inasmuch as it would be manifest injustice to one, if not both the parties, to give a decision upon a part of the case in regard to which, judging from the argument, no doubt was felt, whilst the very matter in controversy, the only ground upon which the action was brought, should be left untouched.

Verdict set aside, and a new trial ordered.