## Berks County *versus* Jones.

21      413
34 SC ²583
34 SC ²584

21    413
41SC ²268

1. In a case stated the kind of action should be stated, and the cause of action.

2. Amicable actions or cases stated should be for the decision of *real* disputes, and not of merely colorable disputes suggested in order to have the law in the case stated ascertained.

3. There being nothing stated in the case on which a judgment could be entered, the writ of error was quashed.

4. A testator bequeathed to his son J. H. $2000, which it was provided was to remain a lien on the testator's real estate, and out of which the said J. H. was to receive " the yearly interest *during his lifetime ;*" and after his decease, the said $2000 were to be paid over to his two sons Samuel B. and Thomas B., or to the survivor thereof; or if they should die under age or without lawful issue, the money was to " fall back" to the other children of the testator or their heirs. *Held,* that the annual interest was not taxable for state and county purposes in addition to the tax imposed on the land on which it was charged; the said annual payment not being included in the terms of the 1st section of the Act of 22d April, 1846, being an Act to provide for the reduction of the public debt.

ERROR to the Common Pleas of *Berks county.*

This was an amicable action entered in the Court of Common Pleas of Berks county, and case stated for the opinion of the Court. The case was stated as follows:—

2 M 2

[Berks County *v.* Jones.]

The County of Berks ⎱ In the Court of Common Pleas of Berks
          *v.*          ⎰ county. Of January Term, 1853, No.
John H. Jones.     48.

And now, to wit, December 10, 1852, it is hereby agreed by and between the parties to the above suit, that the following case be stated for the opinion of the Court, in the nature of a special verdict.

John H. Jones, the above defendant, is a son of Samuel Jones, late of Lower Heidelberg township, Berks county, who made a will, which was proved January 5, 1850, in which, among other things, he devised as follows, viz.: "I make known that my son, John H. Jones, has already received $9312.00, which has been to him advanced, and I now bequeath to him the further sum of two thousand dollars, which, however, is to remain as a lien on my real estate in Lower Heidelberg township, Berks county, and out of which my son, John H. Jones, is to receive the yearly interest during his lifetime, and after his decease I order that the said two thousand dollars shall be paid over to his two sons, Samuel B. Jones and Thomas B. Jones, or to the survivor thereof; or if they should die under age or without lawful issue, then my will is that the money shall fall back to my other children or their heirs."

The interest of the said John H. Jones, in the above sum of two thousand dollars, is taxed against the said John H. Jones, by the commissioners of Berks county, at the rate of two mills for county and three mills for state; or ten dollars for state and county purposes, each and every year.

If the Court be of opinion that it is thus taxable, then judgment to be entered for the plaintiff; but if it is not, then judgment to be entered for the defendant; the costs to follow the judgment, and either party to have the right to sue out a writ of error thereon.                              Signed by counsel.

It was contended by the plaintiffs that this sum of two thousand dollars was taxable against the defendant, under the *first* section of the Act of Assembly, passed 22d April, 1846.

The defendant denied his liability to pay said taxes, on the ground that the interest of said two thousand dollars payable to him for life was *an annuity*, and being under two hundred dollars, was therefore not taxable under the Act of 1846.

The first section of the Act of 22d April, 1846, *inter alia*, imposes a tax on all annuities *over* two hundred dollars, except those granted by this Commonwealth or by the United States, and upon all property real or personal (not taxed under existing laws), held, owned, used, or invested by any person, company, or corporation, in trust for the use, benefit, or advantage of any other person, company, or corporation, excepting always such property as shall be held in trust for religious purposes," &c.

[Berks County v. Jones.]

Jones, J., was of opinion that this was *an annuity*, and being under $200 that it was not taxable. His opinion was, in part, as follows:—

A writ of annuity lieth "where a man granteth unto another a yearly rent for life, or for years, or in fee out of his lands, or out of his coffers, or to receive from his person yearly at a certain day." If out of land with a clause of distress, then the annuitant may have recourse either to distress, which would make it a rent-charge, or to a writ of annuity. *    * An annuity may be created by deed or by will. Where an annuity is charged upon lands of the testator by his will, an action of debt will lie in favor of the legatee to recover it, from those who have succeeded to the lands or become pernors of its profits: 1 *Saunders* 282, cited in Long *v.* Long, 1 *Watts* 267. Since the Orphans' Court Act of 1834, sec. 59, the remedy may be by bill: 9 *Watts* 19; *Id.* 60.

Annuities bear an affinity to *rents*. A *rent* consists in a right to a periodical receipt of money *in respect of lands*. Other rights to periodical payments are mere annuities. In this case, the payment of $120 annually by the devisee, is not in respect of the lands which he holds under the will, but is in respect of a charge of $2000 fastened upon those lands. It is *interest* of so much purchase-money, not rent of land. It is a right to a periodical payment secured by being charged on land; and not being a rent is an annuity. In this case the *whole* land of the devisee is subject to taxation, without abatement *pro tanto* as to this charge. He observed that this, however, was an unjust feature in our system of taxation. In the case of Spangler *v.* York County, 1 *Harris* 322, the fund was to be invested for the use of the widow. But in this case there is simply a suspension of payment of part of the purchase-money, the whole subject devised to the devisee being security for its payment. The devisee holds nothing *in trust*. It is like a mortgage on his land, of which he is presently to pay interest, and at a future day the principal.

He considered the interest of the defendant was rather that of an annuitant than of a *cestui que trust*, and *as an annuity* the interest annually accruing, being less than $200, was not taxable for state or county purposes under the Act of 1846.

April 11, 1853, judgment was entered for *the defendant*.

In this Court objection was made on part of the defendant in error, that there was no sum stated in the agreement for which judgment was to be entered. The case stated was amended by inserting the sum of ten dollars.

*Young*, for plaintiff in error.—It was contended that the bequest was *not* an annuity, which is defined in *Co. Lit.* 14 b, to be "an

[Berks County *v.* Jones.]

annual duty charged on the person of the grantor only : *Bac. Abr.* "*Annuity.*" In Winter *v.* Mouseley, 2 *B. & A.* 802, an annuity can be only where the principal is irrecoverably gone : also 1 *Harris* 326.

It was further contended that the bequest in question was within the other part of the first section of the Act of 1846, the sum of $2000 having been invested for the use or benefit of John H. Jones : 1 *Harris* 326. If taxable for *state*, it is taxable for *county* purposes : 9 *Barr* 359 ; 1 *Harris* 322.

*Swartz*, for defendant.—The question whether this is an *annuity*, depends on the construction of the will. *That it was an annuity*, reference was made to 18 *Pickering* 127, Sweet *v.* Boston. In this case the principal sum named cannot go to the annuitant, nor be subject to his control. The effect of the devise was to give John an annuity equal to the interest on $2000, and at his death $2000 to his children : 15 *Pick.* 382, Grey *v.* Boston. Being under $200 per annum, it is not taxable under the Act of 1846.

The opinion of the Court, filed July 25, was delivered by

BLACK, C. J.—This is a question on the liability of a certain fund to be taxed for county and state purposes. The point is so clearly stated by the Judge of the Common Pleas, that any attempt to make it plain would be wasting words.

The only trouble about it is, that there is nothing in the record from which it appears to be a real case. It is said to be a case stated in the nature of a special verdict ; but a special verdict like this would hardly be given by any jury. It states no cause of action whatever. We have repeatedly declared that whatever is not set forth in a special verdict shall be taken not to exist. This being the undoubted and undisputed law of the land, what judgment could we give for the plaintiff, if our opinion should differ from the Court below ? Whether the action is debt, *assumpsit*, or trespass, does not appear. Nor is it stated that the defendant is in debt to, or committed any injury against, the plaintiff. Let the law be as it may on the point argued, there is just as much reason why judgment should be in favor of one party as the other.

Without a doubt the object of the proceeding was not to settle a real dispute, but merely to ascertain the law : in other words, to make the Court act as counsel for the commissioners. But they have no right to get their advice in this way. Courts ought to encourage amicable submissions of real disputes, but people have no right to propound abstract questions to them. For this there is not only the clearest reason, but the highest authority. In Lord *v.* Veazle, (8 *Howard* 255), Chief Justice TANEY says : "Any attempt by a mere colorable dispute to obtain the opinion of the

Court upon a question of law, which the party desires, to know, for his own interest or his own purposes, where there is no real and substantial controversy between those who appear as adverse parties to the suit, is an abuse which Courts of justice have always reprehended as a punishable contempt of Court."

The Judge of the Common Pleas, over indulgent to the parties, decided the law for them, when he might have stricken the case from the record. With an easy good-nature, equally inexcusable, we have done the same thing. We have considered the subject with as much care as if it had been regularly before us, and we unanimously agree in pronouncing the opinion of the Court below to be a perfectly sound exposition of the law.

But because there was nothing on which a judgment could be entered, the writ of error must be quashed.

Writ quashed.

Lewis, J., was opposed to giving any opinion in the case.