## Kinsley versus Coyle.

1. A case stated is a substitute for and is in the nature of a special verdict, and is subject to the same rules.

2. A special verdict must find facts and not the evidence from which facts may be inferred: if defective in this respect a venire de novo will be awarded.

3. A scire facias was issued on a judgment more than twenty years old; and before arbitrators the defendant being compelled to testify said: "I did not pay the judgment in money; I consider it paid by lapse of time." On appeal, this testimony was submitted for the opinion of the court in a case stated, as to whether it was sufficient to rebut the presumption of payment. The court entered judgment for the plaintiff. The judgment was reversed, the case stated dismissed, and procedendo awarded.

May 11th 1869. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Cumberland county:* Of May Term 1868, No. 3.

A scire facias was issued May 1st 1866 by A. Coyle and Scott Coyle, trading as A. & S. Coyle, against Jacob Kinsley, Jr., on a judgment for $99.10, to January Term 1837. The case was referred to arbitrators, who awarded for the plaintiff. The defendant appealed; he afterwards died and his executrix was substituted.

[Kinsley *v.* Coyle.]

A case was stated showing the following additional facts. There had been no revival of the judgment, or attempt to revive until the issuing of this scire facias. Before the arbitrators it was admitted that the defendant was insolvent at the time the judgment was recovered, and until shortly before issuing the scire facias.

The defendant was examined as a witness and testified: "I did not pay the judgment in money; I consider it paid by the lapse of time."

The parties agreed that "if the court are of opinion that the above evidence of the defendant on oath, in the trial of the cause before arbitrators, is sufficient to overcome the legal presumption of payment of debts of record that arises from the lapse of twenty years, then judgment of revival to be entered in favor of the plaintiff for $279, with interest from the date hereof; otherwise judgment for the defendant."

The court directed judgment to be entered for the plaintiff for $279.

The defendant took out a writ of error, and assigned the entering the judgment for error.

*W. M. Penrose* and *A. B. Sharpe*, for plaintiff in error, cited as to the sufficiency of the evidence to rebut the presumption of payment: Kline *v.* Kline, 8 Harris 503; Clark *v.* Hopkins, 7 Johns. 556; 2 Tr. & H. Pr., by Fish 658, note 1; Ekel *v.* Snevily, 3 W. & S. 272; Brown *v.* Sutter, 1 Dall. 239; Shock *v.* McChesney, 4 Yeates 507; Bank *v.* Israel, 6 S. & R. 294; Sellers *v.* Holman, 8 Harris 323; Webb *v.* Dean, 9 Id. 29; Power *v.* Hollman, 2 Watts 218; Tilghman *v.* Fisher, 9 Id. 441; Henland *v.* Shurtliff, 2 Metc. 26; Delany *v.* Robinson, 2 Whart. 503; Stout *v.* Levan, 3 Barr 235.

*J. M. Weakley* and *W. H. Miller*, for defendant in error, cited Eby *v.* Eby, 5 Barr 437; McDowell *v.* McCulloch, 17 S. & R. 51; Budd *v.* Conard, 2 Phila. R. 175.

The opinion of the court was delivered, May 20th 1868, by

SHARSWOOD, J.—More than thirty years ago a judgment was obtained against the defendant below at the suit of the plaintiff. In a scire facias to revive this judgment on a trial before arbitrators the plaintiff called the defendant as a witness, who said: "I did not pay the judgment in money; I consider it paid by the lapse of time." The defendant being now dead, the parties have agreed on this case stated, in which, after reciting these facts, the question submitted to the court is, "whether the above evidence of the defendant on oath, in the trial of the cause before arbitrators, is sufficient to overcome the legal presumption of payment of debts of record that arises from the lapse of twenty years."

[Kinsley v. Coyle.]

A case stated is a substitute for and in the nature of a special verdict, and is subject to the same rules. It is well settled that a special verdict must find facts and not the evidence from which facts may be inferred. If the finding in this respect be defective a *venire facias de novo* will be awarded: Clark v. Halberstadt, 1 Miles 26, and the authorities there cited. So in a case agreed, the duty of stating the facts only and not the evidence of facts, and of submitting to the court only the questions of law, is the same here as in the English practice—*Ad questiones facti non respondent judices:* Holmes v. Wallace, 10 Wright 266; Diehl v. Ihrie, 3 Whart. 149. In the last cited authorities, where various circumstances were alleged as sufficient to repel the presumption of payment arising from the lapse of time—and the court below gave judgment for the plaintiff on the case stated—this court reversed the judgment, and remitted the cause for further proceedings. Here we have only the evidence of declarations of the decedent under oath—not an estoppel—not conclusive on his representatives, from which the jury must determine under instructions from the court as to the rule of law upon the issue of fact of payment which may be presented by the pleadings.

Judgment reversed, case stated dismissed and *procedendo* awarded.