158    393
f 34 SC 584

## Hazelbaker et al., Ex'rs, *v.* Clipper Coal Co., Appellant.

*Case stated—Trespass—Possession—Executors and administrators.*

A case stated in an action of trespass will be quashed by the Supreme Court, and the record remitted for further proceedings, where it appears that the suit is instituted by an executor, and the case stated avers that another executor is in possession of the land, but does not state whether his possession is that of an executor, or in his own right and adversely to the plaintiff executor.

Argued Oct. 18, 1893. Appeal, No. 135, Oct. T., 1893, by defendants, from judgment of C. P. Washington Co., Feb. T., 1893, No. 380, on case stated for plaintiffs George Hazelbaker, John L. Riggs and Marcellus Riggs, executors of Mahlon Riggs, deceased. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for mining coal. Before McILVAINE, P. J.

The case stated was as follows:

" And now, Sept. 6, 1892, it is hereby agreed by and between the parties to the above suit that the following case be stated for the opinion of the court in the nature of a special verdict.

" Mahlon Riggs, late of Allen township, Washington county, Pa., died seised of a tract of land in said township, containing about 145 acres, having first made his last will and testament, which was duly probated by the register of wills of said county on the 16th of June, 1886 (a copy of which is hereto attached and made part of this case stated) ; that letters were duly issued to John L. Riggs, George Hazelbaker and Marcellus Riggs, the three surviving executors named in the will, T. F. Riggs, the other executor named in the will, having died in the lifetime of the testator.

" That John L. Riggs has been in possession of the said tract of land since the death of Mahlon Riggs ; and that Lydia Riggs, widow of Mahlon Riggs, accepted the provisions made for her by the will of her husband, Mahlon Riggs, and is still living.

" That the defendants are in possession and mined coal prior to July 28, 1892, to the value of $1,500, as of that date.

" That the tract of land from which the coal was taken is the tract in the will described in the following item: 'Item I will that the farm be put under rent as long as my wife lives subject to her dowery then after her death it is my wish that John L. Riggs and T. F. Riggs would take the farm at seventy-five dollars per acre the coal not excepted, and pay Caroline Hazelbaker one thousand dollars and Lucinda A. Latta one thousand dollars And if they do not take the farm it is to be sold by my executors and the money to be equally divided between John L. Riggs, T. F. Riggs, Caroline Hazelbaker and Lucinda A. Latta.'

" That T. F. Riggs left to survive him six children, to wit:

Henry M., Mahlon E., John Harvey, Franklin, William and Edward, who were all living at the date of the death of Mahlon Riggs, and who all convey to John L. Riggs all their right, title and interest in the land in dispute.

" That Lucinda A. Latta, now Noble, a daughter of the testator, released and quitclaimed to John L. Riggs all her right, title and interest in the land and legacy referred to in said will.

" That John L. Riggs tendered to Caroline Hazelbaker $1,000 ; directed to be paid to her under the item of said will already recited.

" That John L. Riggs entered into an article of agreement with Samuel A. Barnum, dated Oct. 19, 1889, selling to said Barnum the coal under the land already referred to ; and that all the payments mentioned in this agreement have been made except the last one, which was tendered and refused by John L. Riggs.

" That Samuel A. Barnum entered into an article of agreement with Robert Jack, Edwin Boyle, Adam Dale et al., dated        23, 1889, selling to the said Robert Jack et al. an equal interest in the said Riggs land, reserving one sixth to himself.

" That Robert Jack on July 24, 1891, entered into an article of agreement with the defendant, the Clipper Coal Company, selling to said company a one fifth interest in the said coal.

" If the court should be of opinion, under the above facts, that the executors of the will of Mahlon Riggs, dec'd, had the right to maintain actions of trespass for injuries committed by mining coal from the real estate of the testator during the life of the widow ; and should be of opinion that John L. Riggs acquired no such title to the said land as would authorize him to sell the coal in question, and that the title of the defendants, derived from John L. Riggs, gave them no lawful right to mine and take away said coal, then judgment to be entered for the plaintiffs for $1,500 with interest from July 28, 1892 ; but if the court should be of opinion that the executors had no right to maintain actions for trespasses committed on said land, or that John L. Riggs had acquired such title to said land as authorized him to sell the coal in question, and that the title the defendants derived from John L. Riggs gave them a lawful right to mine said coal, then judgment to be entered for the

defendant. The costs to follow the judgment, and either party reserving the right to sue out an appeal therefrom."

Judgment for plaintiff on case stated. Defendant appealed.

*Error assigned* was entry of judgment as above.

*John W. Donnan, A. Donnan* and *Stone & Potter* with him, for appellant.

*H. J. Vankirk, M. L. A. McCracken* with him, for appellee.

PER CURIAM, November 13, 1893:

This is an action of trespass brought by executors to recover damages for coal taken from land devised by their testator. The facts are agreed upon in a case stated, and, as they there appear, the executors are not in possession of the land. It is averred in the case stated that John L. Riggs has been in possession of the tract of land since the death of Mahlon Riggs the testator, and that the defendants are in possession and mined coal prior to July 28, 1892, to the value of $1,500, as of that date.

The case stated leaves us in doubt however as to the right in which John L. Riggs is, and has been, in possession. If as executor, he may maintain trespass. If in his own right and adversely to the executors, then the plaintiffs have no possession and have had none. The case stated should have given us definite information upon this subject. As it does not, we cannot intelligently dispose of the case, but must quash the stated case for want of a distinct presentation of the facts necessary to a judgment.

The case stated is quashed and record remitted for further proceedings.