## Mrs. E. M. Forney et al., Heirs of Henry B. Mytinger, deceased, Appellants, *v.* The County of Huntingdon.

*Practice, C. P.—Case stated must show jurisdiction.*

A case stated must show the jurisdiction of the court over the parties and that it is a real dispute, not a colorable one, to obtain an opinion from the court.

A case stated is defective where it fails to set forth the nature of the judgment to be entered in case the court should find the law to be for the plaintiffs.

*Practice, Superior Court—Appeal quashed in absence of assignments of error.*

Where there are no assignments of error the appeal will be quashed.

The appellate court will decline to roam at will over the whole domain of law and fact and enter such judgment at law or decree in equity as it might conclude the plaintiffs might have been entitled to.

Argued December 14, 1897. Appeal, No. 35, March Term, 1897, by plaintiffs from judgment of C. P. Huntingdon Co., May T., 1897, No. 22, in favor of defendant on case stated. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Appeal quashed.

Case stated, raising the question of validity of assessment of county taxes for $46.34. Before BAILEY, P. J.

The case stated is as follows:

That Henry B. Mytinger, of Morris township, died on or about the 21st day of November, A. D., 1884, leaving to survive him the above stated plaintiffs who are his heirs at law.

That at the time of his death the said Henry B. Mytinger was seized of a certain farm or tract of land, situate in the township of Morris and known as the "Water Street Property," containing 62 acres of improved land and 19 acres of unimproved or timber land.

That among the improvements on said farm were a brick hotel building in which three of the said heirs now reside, a gristmill and mill tenant house, brick house and five other small tenant houses. That said farm was valued in the annual assessment for the year 1896 (a copy of which is hereto attached and marked exhibit " A "), at the sum of $1,659, and a tax for county pur-

poses of $23.22, being at the rate of 14 mills levied thereon by the county commissioners. A receipt for which tax is hereto attached and marked exhibit " B." That the other above mentioned buildings and improvements located on said farm were valued and assessed in said assessment for the year 1896 as follows: Geiser house, $150; brick hotel, $760; mill and house, $1,150; minister's house, $300; house above gate, $150; gate house, $100; double frame house, $100; brick house, $600; and a county tax at the rate of 14 mills was levied on each of the said buildings as above valued, making a total additional county tax of $46.34 levied on said farm by the said county commissioners.

The following question is therefore submitted for the determination of your honorable court.

Whether the assessment of a county tax of $46.34 on the above stated buildings and improvements on said farm for the year 1896 was a legal or illegal tax and assessment.

If the court shall be of the opinion that the said additional tax of $46.34 as well as the valuation of the buildings and improvements by the assessor was illegal and should be stricken from the assessment and tax duplicate, then the court is respectfully requested to enter judgment for the plaintiffs.

If the court shall be of the opinion that valuation of the said buildings was lawfully made by the assessor and the said tax of $46.34 legally levied thereon by the county commissioners the court is respectfully requested to enter judgment in favor of defendant.

It is hereby agreed by the parties hereto that the judgment of the court in this case stated shall be as binding as if made in a regularly instituted suit in law or equity.

Each party reserves the right of appeal.

L. H. BEERS,                                SAML. I. SPYKER,
Atty. for plaintiffs.                        County solicitor.

Now May 21, 1897, it is hereby agreed that valuation and assessment of the real estate of H. B. Mytinger's heirs, mentioned in the foregoing "case stated," is identically the same for the year 1897 as for the year 1896, on the said farm as well for the buildings and improvements on said farm. That the county tax levied on said real estate is at the rate of 12 mills.

That an additional county tax of $39.72 was levied on the buildings and improvements on said farm in addition to the county taxes on said farm.

It is further agreed that the court shall enter judgment touching and including the said county taxes and the assessment and valuation of the said real estate for the year 1897, in all respects and with same force and effect as in the above "case stated" for the year 1896.

SAML. I. SPYKER,                              L. H. BEERS,
    County solicitor.                             Atty. for plaintiffs.


The court entered judgment for defendant, BAILEY, P. J., filing the following opinion:

The plaintiff's property is returned for taxation at a valuation of $5,169. The property consists of a farm, hotel, gristmill and several tenant houses. The hotel, mill and tenant houses were erected on what was originally the farm. It is not alleged they were used in connection with the farm. It is true the assessor returns with his assessment, the manner by which he arrives at the aggregate valuation. That is, he arrives at the total valuation of the property as a whole by ascertaining the value of its several parts, and returns the separate values of these several parts to show how he reached the total valuation. Perhaps this was unnecessary; we do not think it vitiated the assessment. It is not a double assessment and there is no allegation that the valuation is excessive. If it were too high or for any reason illegal the proper remedy of the plaintiff would have been by appeal: Moore v. Taylor, 147 Pa. 481.

The triennial assessment was made in 1895. An inspection of the return of the assessor for Morris township shows that the plaintiff's property was valued in the same manner and at the same amount as in 1896 and 1897. It is presumed that the plaintiffs had notice of this assessment and of the time of the appeal. No appeal was taken, and the tax was laid on the basis of the valuation as returned. It is too late to object to the manner of the assessment when the tax collector calls for the tax. If the assessment was not satisfactory it was the right and duty of the taxpayers to appeal in the manner and within the time fixed by law. Not having done so the assessment and valuation have the effect of a judgment. We have no jurisdiction to review

the action of the assessor or the commissioners, wherein they have authority to act, except on appeal taken within the time fixed by law. We have no original but only appellate jurisdiction as to questions of excessive or illegal assessments in cases where the general power to assess exists in the assessors and commissioners: Clinton School District's Appeal, 56 Pa. 315.

Equity will enjoin against the collection of a tax assessed for an illegal purpose, and in cases where the taxing authorities had no power to lay the tax: Harpers' Appeal, 109 Pa. 9; Kemble v. Titusville, 135 Pa. 141.

In this case it is not claimed that the commissioners were without authority to lay the tax or that it was laid for an illegal purpose.

Let judgment be entered in the case stated in favor of the defendant.

Judgment for defendant on case stated. Plaintiff appealed. There were no assignments of error set out in the paper-books.

*L. H. Beers*, for appellants.

*Saml. I. Spyker*, for appellee.

PER CURIAM, January 18, 1898:

These proceedings were irregular and defective in many essential particulars, but we need mention only two. A case stated must show the jurisdiction of the court over the parties, and that it is a real dispute, not a colorable one, to obtain an opinion from the court: Berks County v. Jones, 21 Pa. 413. Not only was there no appeal from the decision of the county commissioners or board of revision and appeals, but it would also seem that the plaintiffs had not put themselves in position to take such appeal. The suggestion that the case stated was intended as a substitute for an appeal, and was to be disposed of as if a formal appeal had been taken is not borne out by the record and was not assented to on the argument. Therefore the court was without jurisdiction to enter any order, decree or judgment with reference to the assessment or collection of the taxes in question.

In the second place the case stated fails to set forth the nature of the judgment to be entered in case the court should find the law to be with the plaintiffs.

Courts ought to encourage amicable submissions of real disputes, but the greatest liberality of practice will not justify parties in agreeing upon facts — no action or proceeding being pending or agreed to — and asking the court to enter such judgment at law or decree in equity as it may conclude the plaintiff might be entitled to.

For these reasons the court below might well have dismissed the case stated.

When the case reached this court there was the same disregard of form and orderly procedure. No assignments of error were filed and we are, in effect, asked to roam at will over the whole domain of law and fact, and enter such judgment at law or decree in equity as we may conclude the plaintiffs might have been entitled to. This we decline to do.

The appeal is quashed.