## The Borough of Duquesne *v.* Sidney Cole, Appellant.

*Appeals—Practice, Superior Court—Amicable collateral proceedings to test judgment.*

The appellate courts will not entertain an appeal which in effect is an attempt by an amicable collateral proceeding to obtain from the court an opinion upon a question of law which arose in a dispute which has been terminated by a judgment which stands unreversed and unappealed from. The parties are not entitled to readjudicate the controversy in this way.

Argued May 4, 1898.   Appeal, No. 57, April T., 1898, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1897, No. 76, in favor of plaintiff on case stated.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Appeal quashed.

Case stated.   Before FRAZER, J.

The essential facts sufficiently appear in the opinion of the court.

Judgment on case stated in favor of plaintiff for $1.50 and costs.   Defendant appealed.

*Error assigned* was entry of judgment on case stated in favor of plaintiff.

*J. Boyd Duff*, with him *Clarence Burleigh*, for appellant.

*Chas. B. Payne*, for appellee.

PER CURIAM, July 29, 1898:

It appears from the statement of facts agreed upon, " to be submitted to one of the courts of common pleas of Allegheny county for its decision as to the legal rights of the parties thereunder," that, pursuant to the provisions of a certain ordinance of the borough, the defendant was arrested, and judgment entered against him by the burgess for a fine and costs, "which he agreed to pay or not to pay in accordance with the decision of the court of this case." The legal question upon which the court was asked to give an opinion was, whether the corporate officers of the borough had authority under its charter to enact the ordinance in question so far as it prohibited or related to the admitted acts of the defendant. Doubtless this question is an important one, but were it still more important than it is, the court could not be asked to give an opinion upon it except in a proceeding brought, not merely to ascertain the law, but to settle a real dispute. "Courts ought to encourage amicable submissions of real disputes, but people have no right to propound abstract questions to them. For this there is not only the clearest reason, but the highest authority: " Ch. J. BLACK in Berks Co. v. Jones, 21 Pa. 413. See also Forney v. Huntingdon Co., 6 Pa. Superior Ct. 397. So in Lord v. Veazie, 8 How. (U. S.) 251, Chief Justice TANEY said: " But an amicable action, in the sense in which these words are used in courts of justice, presupposes that there is a real dispute between the parties concerning some matter of right. . . . But there must be an actual controversy, and adverse interests. The amity consists in the manner in which it is brought to issue before the court. And such amicable actions so far from being objects of censure are always approved and encouraged, because they facilitate greatly the administration of justice between the parties." The serious objection to this case is that there is no real dispute now pending between the parties " concerning some matter of right." The defendant's liability for the specific acts referred to in the case stated has been adjudicated by a magistrate admittedly having jurisdiction of the parties and the

subject-matter, and from his judgment no appeal has been taken. Instead of pursuing the regular course for the correction of his errors, if any, the parties agreed to ask the court to determine whether under the law and the admitted facts the judgment of the burgess was erroneous or otherwise. Observe, this does not purport to be a substitute for an appeal, nor is it an amicable action or proceeding to recover a penalty imposed by the ordinance; it is, in effect, an attempt by an amicable collateral proceeding to obtain from the court an opinion upon a question of law which arose in a dispute which has been terminated by a judgment which stands unreversed and unappealed from. We are of opinion that the parties were not entitled to have the courts readjudicate the controversy in that case in this way. Treating it as an action upon the burgess's judgment the result is the same. In any view that may be taken of the case we are not called upon to express an opinion as to the validity of the ordinance, for as the record stands, that is an abstract question, and not one necessary to be decided in order to settle a real dispute actually pending between these parties. Following the practice of the Supreme Court in analogous cases the case stated and all proceedings under it should be quashed and set aside. See Ford v. Buchanan, 111 Pa. 31; Hazelbaker v. Coal Co., 158 Pa. 393.

The case stated and all proceedings under it are quashed and set aside.