James W. Morgan *v.* The County of Mercer, Ellis M. Patterson, Treasurer of Mercer County, and the Directors of the Poor of Mercer County, Appellants.

*Practice, C. P.—Case stated—Fatal defects.*

Mere inartificiality in the drawing of the case stated is sufficient ground to set it aside, and the failure to inform the court respecting the form and substance of the judgment to be entered, and specifically to agree that it should be entered, is fatal.

*Practice, C. P.—Appeals—Right to appeal from case stated.*

Where the only allusion to the right to take an appeal is by way of recital in the body of a case stated, and there is no expressed stipulation reserving the right, the appeal will be quashed.

Argued May 13, 1898.　Appeal, No. 203, April T., 1898, by defendants, from judgment of C. P. Mercer Co., April T., 1898, No. 35, on case stated.　Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.　Reversed.

Case stated.　Before MILLER, P. J.

The case stated is as follows :

And now, February 11, 1898, it is hereby agreed by and between the parties to the above suit, that the following case be stated for the opinion of the court in the nature of a special verdict :

James W. Morgan, the plaintiff above named, was on the 11th day of February, A. D. 1898, granted a license to sell at retail, vinous, spirituous, malt or brewed liquors, at the Exchange Hotel, in the borough of Sharon, Pa.　Said liquor license was granted by the court of quarter sessions of Mercer county, Pa., and for one year, from the 12th day of February, 1898, to the 12th day of February, 1899, under the Act of May 13, 1887, P. L. 108.　That said plaintiff tendered to Ellis M. Patterson, Esq., treasurer of the county of Mercer, Pa., the sum of $200.75, to pay for said license, to wit : $150 under the act of May 13, 1887, P. L. 108, and $50.00 under the Act of July 30, 1837, P. L. 464, and seventy-five cents being the treasurer's fees.　That the said Ellis M. Patterson, treasurer as aforesaid, refused to receive said sum and issue said

license receipt, the said Patterson demanding also in addition to said sum tendered him, the sum of $200 under the Act of May 24, 1871, P. L. 1108, thus making the license fee $475.75. That the plaintiff and defendants then arranged that the plaintiff should pay to the said Ellis M. Patterson, Esq., treasurer, the said sum of $475.75 for his license, and the said Patterson should hold the sum of $200, and a "case stated" be filed, and if the court be of the opinion that said sum paid for the license was too much, or any part thereof was wrongfully paid, then judgment to be entered for the plaintiff for such amount as was overpaid, but if not, then judgment be entered for the defendant, the costs to follow the judgment, and either party reserving the right to sue out an appeal or writ of certiorari. That with this understanding the plaintiff did pay to said Ellis M. Patterson, county treasurer, the sum of $475.75, as per receipt filed at No. 9 of January sessions, 1898, and of which the following is an exact copy:

"MERCER, PA., Feb'y 11, 1898.

"Received of James W. Morgan, the sum of four hundred dollars and seventy-five cents, being for retail liquor license for Exchange Hotel in Sharon, Pa., from Feb'y 12, 1898, to Feb'y 12, 1899, as follows: One hundred and fifty dollars under the Act of May 13, 1887, P. L. 108, fifty dollars under the Act of July 30, 1897, P. L. 464, and two hundred dollars under the Act of May 24, 1871, P. L. 1108. The said last mentioned sum being paid under protest, and an agreement with the county of Mercer and the directors of the poor of Mercer county, Pa., through their several attorneys that a case stated shall be prepared, and the question decided by the court, whether the said Morgan is liable to pay said amount or not. The said Morgan having tendered the sum of two hundred dollars and seventy-five cents to Ellis M. Patterson, Esq., County Treasurer, for his license, and the same being refused by him, the said Patterson, who demanded and received the said sum of four hundred dollars and seventy-five cents under protest and said agreement, that if the court shall decide that a less sum should have been paid, that the difference shall be refunded by him to the said Morgan.

"E. M. PATTERSON, Treasurer.

" It is also agreed that the final judgment in this case shall determine the cases represented by the plaintiff's attorney, William C. Haus, Esq., as follows, to wit: Patrick McManus, Thomas F. Farrelly, George Smith, George Dresch, and P. C. Gibbons, whose payment to the Treasurer aforesaid, has been or will be made under the said agreement, and understanding herein before stated.

> " JAMES W. MORGAN,
> " By his Att'y, William C. Haus.
> " THE DIRECTORS OF THE POOR, &c., ·
> FOR THE COUNTY OF MERCER, PA.,
> " By James D. Emery, Att'y.
> " THE COUNTY OF MERCER,
> " By H. H. Zeigler, Att'y.
> " ELLIS M. PATTERSON, Co. Treasurer,
> " By his Att'y, A. H. McElrath."

The court entered judgment in favor of plaintiff on the case stated for $200. Defendants appealed.

*Error assigned* among others was in directing judgment to be entered in favor of plaintiff and against defendants.

*H. H. Zeigler* and *James D. Emery*, for appellants.—The question to be decided in this case is whether or not the special Act for Mercer county, of May 24, 1871, P. L. 1108, has been repealed or superseded. Though it is clearly settled that statutes may be repealed by implication, and without any express words, still the leaning of the courts is against the doctrine, if it be possible to reconcile the two acts of the legislature together.

In conclusion, we contend that section 19, of the act of 1887, expressly saves the act of 1871 from repeal; that such was the legislative intent in framing that section.

The fairness of the act, and the necessity for the double system of fees for Mercer county, were questions upon which the legislature passed in 1871; during the last eleven years, and until the present year, it was not questioned that both systems were still in force, and we contend that the relief which the plaintiff asks, must come, if at all, from the legislature, and not from the courts.

*William C. Haus*, for appellee.—The Act of May 13, 1887, P. L. 108, and the Act of May 24, 1871, P. L. 1108, are repugnant and are so inconsistent that they cannot stand together, and measured by the true principle of law, the act of May 13, 1887, is a repeal of all prior acts, general and special, including the act of May 24, 1871: Com. v. McCandless, 21 W. N. C. 162; Klein v. Livingston Club, 177 Pa. 224; Commonwealth v. Brewing Co., 146 Pa. 642; Com. v. Pollard & Co., 146 Pa. 649.

Can there be any question that the legislature intended to establish one uniform system of license when they passed the Act of May 13, 1887, P. L. 108? We think not from the careful reading of sections one, three, four and eight of said act.

In view of the foregoing declarations of our Supreme Court the attempt to reconcile the act of 1871, or any part of it, with the act of May 13, 1887, would only lead to confusion, and restore the mischief that the act of 1887 was intended to remedy.

It is a settled rule in the construction of statutes, that every affirmative statute is a repeal by implication of a previous affirmative statute: Foster's Case, Coke's Reports, 681; Rex v. Cator, 4 Burr. 2026; King v. Davis, Leach's Cases, 271; Peace v. Whitney, 5 Mass. 380; Bartlett v. King, 12 Mass. 545.

OPINION BY PORTER, J., July 29, 1898:

In the body of the document called by the parties a case stated, it is recited that the " plaintiff and defendants then arranged that . . . . a case stated be filed and if the court be of the opinion that said sum paid for the license was too much or any part thereof was wrongfully paid, then judgment to be entered for the plaintiff for such amount as was overpaid, but if not, then judgment be entered for defendant, the costs to follow the judgment and either party reserving the right to sue out an appeal or writ of certiorari. That with this understanding " certain acts were done as set forth. When the case stated came to be signed no authority whatever to enter judgment was given to the court below, by the stipulation of the parties, the only agreement being " that if the court shall decide that a less sum should have been paid, that the difference shall be refunded by him to the said Morgan."

The mere inartificiality in the drawing of the case stated is not sufficient ground to set it aside, but the failure to inform the court respecting the form and substance of the judgment to be entered and to specifically agree that it should be entered, is fatal.

In Whitesides v. Russell, 8 W. & S. 44, it is said that "whether there be a special verdict subject to the opinion of the court on specific points or a case agreed by the parties, the jury should always find or the parties should agree for what the judgment shall be rendered in case the law be determined to be in favor of the plaintiff." Again in Berks v. Pile, 18 Pa. 493, this language is used: "In a case stated whatever is not distinctly and expressly agreed upon and set forth as admitted must be taken not to exist." See also Forney v. Huntingdon Co., 6 Pa. Superior Ct. 397; Berks v. Jones, 21 Pa. 413; Seiple v. Seiple, 133 Pa. 460; Kinsley v. Coyle, 58 Pa. 461; Township of Rush v. Schuylkill Co., 100 Pa. 356; Mutchler v. Easton, 148 Pa. 441.

Further than this, the only allusion to the right to take an appeal is by way of recital in the body of the case stated. There is no expressed stipulation reserving the right. In such case it has been held that an appeal to the Supreme Court will be quashed: Commonwealth v. Callahan, 153 Pa. 625.

The judgment of the court below is reversed, and the case stated set aside.