Hoefheimer, J.
Ruling on motion for judgment.
The suction was for damages for personal injury. At the conclusion- of the evidence, defendants filed ia -written request ■to direct the jury to return a special vendiet in writing upon all the issues in the case. The motion was granted under the statutes, and the court instructed the jury accordingly.
The petition in substance averred that plaintiff ivas hurt while operating a dangerous machine, which defendants negligently failed to guard, and that plaintiff was young and of im *449 mature years, and that the accident was without fault on her piart. The answer was practically a general denial. Before the court came to charge the jury, counsel for both sides requested leave to submit to the jury for their guidance, drafts of special verdicts on the issues. Leave was granted in accordance with what I believe was the most approved practice. (22 Eney. PI. & Pr., 993). Among other things the court instructed the jury that if the evidence warranted, they were privileged to find the facts set forth in either draft of verdict; that they could modify or change either draft in whole or in part, or in any particular; that they might disregard them entirely if they saw fit, and that they might return such special verdict of their own as in their judgment the evidence warranted (Pittsburg By. Co. v. Buby, 38 Ind., 294). The special verdict rendered by the jury consisted of a number of findings as prepared by the respective counsel; some 'had been modified. The jury also found the amount of damage. In due course, motions for judgment on the verdict were filed by 'both plaintiff and defendants. The question now is, were sufficient material facts found by the jury upon which to predicate a judgment either way.
The office -of a special verdict is to find facts as to all material issues. Probative facts or conclusions of law contained in the findings must be totally diregarded by the co-urt when it comes to- scrutinize the legal value of the facts found. If the special verdict is stripped of all improper matter, and there still remain determinative facts sufficient to support a judgment, judgment will be granted -accordingly.-
Defendants based their -claim for judgment on the ground that the verdict rendered is insufficient in law to sustain a judgment for plaintiff, because:
(1) Of the failure of the jury to find facts that sustain the allegation that the guard was improper and insufficient.
(2) That the verdict does not find that plaintiff herself was without fault.
Considering the second -objection first: It is true there is no finding that plaintiff was without fault. If the issues were such as required the plaintiff to show she- was without fault, *450 the silence -of the jury in this regard would be fatal to the plaintiff, for it would be equivalent to a finding that plaintiff was not without fault. In Brazil Coal Company v. Hoodnut, 129 Ind., 327, the court said:
“A special verdict should contain a finding by the jury upon every material fact in issue, necessary to state plaintiff’s cause of action, up-on which there was evidence, and a failure to find any material fact in issue is equivalent to a finding against the party upon whom rests the burden of proof to- establish such facts. ’ ’
It is urged that plaintiff must make this issue, upon authority of Mad River Railroad Company v. Barber, 5 O. S., 541. 'The rule, however, that requires plaintiff to make this issue in the ease of master and servant, does not apply to the case under consideration, as immaturity is set o-ut in the petition (Rigoliet v. The Dayton Screw Company, 1 Term, 79; Rolling Mill v. Corrigan, 46 O. S., 283). And as' contributory negligence was not set up as an affirmative defense, a finding by the jury that plaintiff was without fault was not necessary.
As to the first objection: Attention is drawn to finding No. 4, which was as follows: “The guard to prevent the hand of the operator from getting into the rollers was not what ordinary and reasonable prudence would require.” Finding No. 5 was as follows: This (the injury) probably would not have happened had the guard been a proper one.” The word “probably” in accordance with our- Supreme Court may be eliminated and -the sentence read as though the word “probably” had not been there.
Defendant claims that these findings in particular are mere conclusions -of law -and not findings -of fact. That,' for example, it was the duty of the jury to find specifically from the evidence the various facts as to the guard, viz., its location, height and size, so that the court might -determine whether o-r not the- guard was -a proper -one. Section 5200, Revised Statutes, requires the jury to find -the facts as established by the evidence, and not the evidence to- prove the facts. It seems to us that if *451 the jury had reported the various details as to the guard, that this would have been contrary to the plain meaning of the section just quoted (see, also, Leach v. Church, 10 O. S., 148; Clark v. Halberstadt, 1 Miles, 26; Schweinfurth v. Railway Company, 60 O. S., 215, 232, 233), and would have amounted to a finding on probative facts merely. In Whitworth v. Ballard, 56 Ind., 279, where, after dissolution of a firm, one partner endorses a note, ,and a special verdict found ratification of the endorser of the co-partner, it was held sufficient, without setting forth the facts constituting the ratification. In Beasley v. Phillips, 20 Ind. App., 182, 192, the court said:
“ It is not necessary for the jury to find evidentiary facts by which a party was constituted agent; it was sufficient to find the td tímate fact.”
In Divine v. U. S. Mortgage Company of Scotland, 48 S. W., 585, Syllabus 2, where in a special verdict a person was found to be the principal on .a note, it was not objectionable as being a conclusion of law. It is likewise significant as bearing upon the position now taken by counsel in urging a finding that the guard was not a proper guard as a conclusion of law, that the draft verdict submitted by him (see defendant’s finding No. 6 unanswered) concludes with the words “and was a proper guard. ’ ’ When the jury found that the guard was not a proper guard, and that the injury would not have occurred if the guard ■had been a proper one, it found essential elements and determinative facts as to the negligence complained of. The finding further shows the direct connection between said negligent act and the injury complained of. If finding No. 4 were to be excluded as a conclusion of law, and, therefore, disregarded as being mere surplusage, we think finding No. 5 would still be sufficient for plaintiff’s purpose, and Mule there is no direct finding “in haec verba” that the machine was dangerous, finding No. 3 (plaintiff’s draft) distinctly finds the operation of the machine was attended with risk, with regard to which plaintiff was not warned or cautioned. While it is true, nothing is to be intended in aid of a special verdict, still a finding that the *452 operation- of a machine was attended with risk, was tantamount to finding the machine dangerous; -obviously, when a thing is risky it is- dangerou-s (Century Dictionary). It is true, the jury failed to find that the guard was not such a guard as in general use by laundrymen, but -had they found upon this point, the finding would still, in our judgment, have been a finding on -a probative fact, the evidence in regard to which was no doubt considered -by the jury before it -concluded that the guard was an improper guard.
Bates & Meyer, for plaintiff.
W. A. Hides, C. L. Hopping, for defendants.
The gravamen -of the petition was the failure to hav-e a dangerous machine guarded, and failure to instruct an immature person in the handling of the machine. These determinative and ultimate facts the jury found. It was not necessary that the jury state the various mental processes by which they arrived at the fact that the guard was not a proper one; nor was it necessary for them to detail the steps they took to reach any finding. Schweinfurth v. Railroad Company, 60 O. S., 232; Railroad Company v. Dunleavy, 129 Ill., 132, 145.
The petition stated a good cause of action, and we hold that the special verdict, read as a whole, including the findings on youthfulness- -and inexperience, and the failure to caution and instruct, responds to every material averment set forth in the petition, controverted by the answer, and is sufficient w-hereo-n to predicate a judgment for plaintiff:. The motion for judgment on behalf of defendant must therefore be overruled, and the motion for judgment on the verdict on behalf of the plaintiff be granted. Judgment accordingly.