# Rockwell *v.* Warren County, Appellant (No. 1).

*Practice, C. P.—Case stated—Abstract question of law.*

The court cannot be asked to give an opinion upon a question of law except in a proceeding brought, not merely to ascertain the law, but to settle a real dispute.

A case stated will be quashed upon appeal where the record does not show the form of action, and the case stated does not show the cause of action, and merely stipulates that the court shall enter judgment for the plaintiffs or the defendants accordingly as it shall determine a stated legal question one way or the other.

Argued May 20, 1907.· Appeal, No. 60, April T., 1907, by defendants, from judgment of C. P. Warren Co., Sept. T., 1906, No. 6, for plaintiffs on case stated in suit of F. H. Rockwell & Co. v. Warren County, and E. D. Everts, Treasurer. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Case stated.was as follows :

The following facts are agreed to in the nature of a special verdict for the opinion and judgment of the court thereon, to wit:

1. The plaintiffs are the owners of the petroleum, oil and gas in and under all that certain piece or parcel of land, situate in the township of Cherry Grove, county of Warren, and state of Pennsylvania, known and designated on the map of said county as tract No. 596, containing 165 acres of land, be the same more or less ; all the other estate in said land, except such petroleum, oil and gas, is owned by other parties.

2. The following two unseated assessments have been made upon said lot No. 596 for the years 1904 and 1905 as unseated assessments, described respectively (a) and (b), to wit:

For the Year 1904.

|  | No. of Tract | Reputed Owner | No. of Acres | Valuation | Remarks |
|---|---|---|---|---|---|
| (a) | 596 | Vandergrift J. J. Est. | 165 | $495 | |
| (b) | 596 | Rockwell, F. H. & Co. | 165 | $ 50 | Oil, Gas and Mineral Right |

For the Year 1905.

|  | No. of Tract | Reputed Owner | No. of Acres | Valuation | Remarks |
|---|---|---|---|---|---|
| (a) | 596 | Vandergrift J. J. Est. | 165 | $495 | |
| (b) | 595 | Rockwell, F. H. & Co. | 165 | $ 50 | Oil, Gas and Mineral Right |

3. The taxes assessed for the years 1904 and 1905 upon the unseated assessments designated as (a) of said lot No. 596, described in the preceding second paragraph, have been paid to the treasurer of the county by the owner thereof. The taxes for the same years upon the unseated assessments, designated as (b) of said lot No. 596, described in the preceding second paragraph, have not been paid, and the land assessed therefor is now advertised for sale for the second Monday of June, 1906, as required by law in the case of unseated lands, by said E. D. Everts, treasurer of the county of Warren.

4. The said lot No. 596 is not in the occupation or possession of any person, party or corporation, but is unoccupied and unimproved land, and as such is unseated land and was such unseated land at the time of the respective assessments (a) and (b) for the years 1904 and 1905, designated in the preceding second paragraph.

If the court be of opinion that the said tract No. 596 as unseated land must be assessed and sold as one body of land, and may not be divided into two or more unseated assessments, according to the divided ownerships in the land, so as to have the surface of the tract in one assessment, and the petroleum, oil and gas in a separate assessment, then judgment to be entered for the plaintiffs. But if the court be of opinion that there may be divided unseated assessments of the surface of said tract in one assessment, and of the petroleum, oil and gas in said tract in another unseated assessment, and the interests on such respective unseated assessments sold by the treasurer for nonpayment of taxes thereon, then judgment to be entered for the defendants.

The judgment to be entered for the plaintiffs or defendants as may be, to be with costs, and the parties hereto reserve the right of appeal from such judgment to the appropriate appellate court or courts.

*Error assigned* was in entering judgment for plaintiff.

*W. W. Wilbur*, for appellants.

*D. I. Ball*, for appellees.

PER CURIAM, October 7, 1907:

The legal question upon which the court was asked to give an opinion in this case is thus stated by the appellants' counsel: " Where there is separate ownerships of oil and gas in a tract of unseated land, can such mineral right be separately assessed for taxes ?"   The question is an important one, but, as we remarked in Duquesne Borough v. Cole, 7 Pa. Superior Ct. 474, were it still more important than it is, the court could not be asked to give an opinion upon it except in a proceeding brought, not merely to ascertain the law, but to settle a real dispute.   " Courts ought to encourage amicable submissions of real disputes, but people have no right to propound abstract questions to them.   For this there is not only the clearest reason, but the highest authority: " Berks County v. Jones, 21 Pa. 413.   Again, in Guardians of the Poor of Pittsburg v. Allegheny, 1 Pittsburg Reports, 97, in an opinion by Chief Justice BLACK, the Supreme Court said: " When a mere abstract question of law is submitted to the court, the defendant waiving every other point on which he might rest, it is a sign that the purpose is to get the advice of the judges, and this ought not to be given." And we have held that while mere inartificiality in the drawing of a case stated is not sufficient ground to set it aside, failure to inform the court respecting the form and substance of the judgment to be entered and to specifically agree that it shall be entered, is fatal: Forney v. Huntingdon County, 6 Pa. Superior Ct. 397 ; Morgan v. Mercer County, 8 Pa. Superior Ct. 96.   In the present case it was stipulated that the court should enter judgment for the plaintiffs or the defendants accordingly as it should determine the legal ques-

tion one way or the other.   But what judgment was it to enter? Upon this subject the case stated contains no express stipulation, and there is no method by which the form and nature of the judgment can be determined.   The record does not show the form of action, and, what is more important, the case stated does not show the cause of action upon which the plaintiffs base their claim to recover in an action at law.   Whether they claim to recover a debt due them or damages for an injury committed against them, and what is the amount of the debt or damages they are entitled to if they are entitled to recover at all, are. questions upon which the case stated furnishes no information or basis of calculation.   In the same essential particulars in which the case stated in Berks County v. Jones was held to be defective this is defective.   We entertain no doubt whatever as to the good faith of the parties.   There is no warrant for applying the animadversions here which were applied by Chief Justice TANEY in the case of Lord v. Veazie, 49 U. S. 251.   But, applying the principles of the Pennsylvania cases above cited and following the practice in analogous cases (see Ford v. Buchanan, 111 Pa. 31 ; Hazelbaker v. Clipper Coal Co., 158 Pa. 393 ; Duquesne Borough v. Cole, 7 Pa. Superior Ct. 474), we are constrained to the conclusion that the case stated and all proceedings under it should be quashed and set aside.

The case stated and all proceedings under it are quashed and set aside.