## Buffalo, Rochester & Pittsburg Railway Company, Appellant, *v.* Union Township.

*Practice, C. P.—Case stated—Judgment.*

A case stated which does not show the cause of action, or the form and substance of the judgment to be entered, will be quashed.

Argued Oct. 29, 1909. Appeal, No. 158, Oct. T., 1908, by plaintiff, from judgment of C. P. Clearfield Co., Sept. T., 1909, No. 243, for defendants on case stated in suit of Buffalo, Rochester & Pittsburg Railway Company v. Supervisors and Treasurer of Union Township and Commissioners of Clear-

field County.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ: Proceedings quashed.

Case stated to determine liability for tax.

The case stated was not set forth in appellant's paperbook, but the docket entries, under the caption of the case, were as follows:

1. Plaintiff, a corporation duly organized and existing under the laws of the state of New York and regularly doing business in this state, controls and operates a line of railroad running through Union township, Clearfield county, Pennsylvania.

2. Plaintiff is the owner of a piece of land along its right of way in said township.

3. A local tax has been assessed against plaintiff, which includes work road tax and cash road tax.

4. The work road tax and cash road tax for the years 1907 and 1908, includes a per capita tax of $1.00 for each of these years.

5. The plaintiff does not have its principal office or place of business in said township.

If, upon these facts, the court is of the opinion that the plaintiff is not liable for the per capita tax, then judgment to be entered for the plaintiff. If the court is of opinion upon these facts, that the plaintiff is liable for the per capita tax, then judgment to be entered for the defendant.

On argument list.

November 26, 1908, opinion and decree filed.

Judgment entered for defendants in the sum of $2.00, for years 1907 and 1908, with costs.

Exception noted for plaintiff and bill sealed.

Debt, $2.00.

Filed and interest from November 26, 1908.

Judgment for defendants.

*Error assigned* was in entering judgment for defendant on the case stated.

*Hazard Alex. Murray*, with him *C. H. McCauley, Thomas H. Murray* and *James P. O'Laughlin*, for appellants.

*Singleton Bell*, with him *Howard B. Hartswick*, for appellees.

PER CURIAM, December 13, 1909:

The record as printed in the appellant's paper-book does not show the form of action, and only inferentially that an action was pending. What is more important, the case stated does not show the cause of action upon which the plaintiff bases its claim to recover in an action at law. Whether it claims to recover a debt due it or damages for an injury committed against it, and what is the amount of the debt or damages it is entitled to, if it is entitled to recover at all, are questions upon which the case stated furnishes no direct information or basis of calculation. While as we said, following numerous cases, in Rockwell v. Warren County, 34 Pa. Superior Ct. 581, mere inartificiality in the drawing of a case stated is not sufficient to set it aside, failure to inform the court respecting the form and substance of the judgment to be entered, and to specifically agree that it shall be entered, is fatal. In the present case it was stipulated that the court should enter judgment for the plaintiff or the defendant accordingly as it should determine the legal question one way or the other. But what judgment was it to enter? As was said in Berks County v. Jones, 21 Pa. 413: "What judgment could we give for the plaintiff if our opinion should be different from the court below?" Upon this subject the case stated contains no express stipulation, and there is no method by which the form and nature of the judgment can be determined. In every essential particular the case stated is like that commented on in Rockwell v. Warren County, 34 Pa. Superior Ct., 581, to which we refer for citation of pertinent authorities. For the reasons there given, and following the practice in analogous cases, we conclude that the case stated and all proceedings under it should be quashed.

The case stated and all proceedings under it are quashed and set aside.