## Mohnton Building & Loan Association v. Musser et al.

*George B. Balmer*, for plaintiff; *Charles K. Derr*, for defendant Forry.

MAYS, J., January 22, 1934.—This is a case stated to determine which of two mortgages, one recorded at 8:55 a. m., and the other at 9:00 a. m., on December 27, 1928, is a first lien on the mortgaged premises.

In the view that we take of this matter, it is unnecessary to set forth all the material portions of the case stated. After reciting what are averred to be the facts agreed upon, it is stated that "the relevancy and competency of the above facts are not admitted."

In Bertram v. Petrovsky, 49 Pa. Superior Ct. 426, 429, Rice, P. J., said: "It is essential to a case stated, that all the material facts be agreed upon, so that the court may have nothing to do but to pronounce the law arising out of them: . . . what the facts were, and what facts were material and relevant to the issue, were matters not distinctly and expressly agreed upon, but left to be determined by the court under the pleadings, evidence, and admissions in the case."

The questions submitted for the determination of the court are: (a) If the court finds that the mortgage to The Mohnton Building & Loan Association by Earl C. Musser and Brita O. Musser, dated December 21, 1928, was discharged by the sheriff's sale held on the mortgage to Leanda Forry, then judgment should be entered for Leanda Forry, one of the defendants; (b) if the court finds that said mortgage was not discharged by said sale, then judgment shall be entered in favor of the plaintiff and against all the defendants.

We say, as did the court in Buffalo, Rochester & Pittsburg Ry. Co. v. Union Twp., 41 Pa. Superior Ct. 266, 268: "In the present case it was stipulated that the court should enter judgment for the plaintiff or the defendant accordingly as it should determine the legal question one way or the other. But what judgment was it to enter? . . . Upon this subject the case stated contains no express stipulation, and there is no method by which the form and nature of the judgment can be determined."

The real obstacle to a determination of this question by us arises from the fact that all the persons in interest are not made parties to this proceeding. How could we enter a judgment in favor of the plaintiff and against defendants who are not parties to the case stated? In United States Trust Co. of Baltimore v. Beeber, 21 Pa. Superior Ct. 603, 608, Porter, J., said: "It appears from this that the concrete question involved affects the rights of Bruehl and that the parties before us cannot agree to bind him by any judgment we can enter. . . . We regard the case stated as insufficient in parties to warrant the entry of a judgment upon the question sought to be raised." So here, the concrete question involved affects the rights of Earl C. Musser and Brita O. Musser, mortgagors, who are not parties to the case stated.

And now, to wit, January 22, 1934, the case stated is quashed; costs of both parties to be equally divided.