## Seely *et al. versus* Seely *et al.*

*Construction of Will.—Creation of Joint Tenancy and Tenancy in Tail by Devise.*

1. A devise of land to two daughters, " to hold during their natural lives, and after their decease to their heirs, if any," and if without heirs, then to heirs of testator ; does not make the devisees joint tenants, so that the one, on the death of the other without issue, is entitled to a life estate in the whole. '

2. The devisees took under the will, as tenants in tail, undivided moieties of the land devised ; and on the death of either one unmarried and without issue, the remainder of her estate passed to testator's heirs in fee under the will.

ERROR to the Common Pleas of *Tioga county.*

This was an action of ejectment, brought by Eleazar Seely, Charles Seely, Orael Kilburn, wife of John M. Kilburn, and Joanna Mead, wife of George A. Mead, against Henry Seely, Chloe Seely, and Levi Scott, for a lot of land in Deerfield township, Tioga county, in which the following case was stated for the opinion of the court :

" Julius Seely was the owner of two pieces of land situated in Deerfield township, Tioga county ;. one lying on the north side of the road from Knoxville to Elkland, containing about seventy acres, and bounded on the north by land formerly of Silas Billings, on the east by David Coates, on the south by public highway. Another on the south side of said road, bounded on the north by the factory and factory pond of E. & B. S. Bowen, east by the tail-race of said factory, south by the watercourse called the waste-way,. and west by the lane leading from the road

[Seely *et al. v.* Seely *et al.*]

to the river, containing about eight acres of land. Said Seely made a will, bearing date the 16th day of October 1850, giving and bequeathing by said will to his two daughters, Chloe Seely and Caroline Seely, among other things, the whole of the lot last above described, and the east half of the lot first above described, being the land in controversy in this suit, to have and to hold the same, and all the profits thereof, during their natural lives; and after their decease, to their heirs if any they have; and if they die without heirs, then said land should fall to his heirs. And by said will also devised the western half of the lot first above described, to his other children thereinafter named.

"Julius Seely died on the 21st day of October 1850, leaving no wife, but leaving said will unrevoked, and the following named persons, his children and heirs at law, to wit: Henry Seely, Orael Marlatt, Eleazar S. Seely, Eunice Grantier, Charles Seely, Phila Lee, Elizabeth Beaver, Joanna Mead, Chloe Seely, and Caroline Seely. Caroline Seely, one of the devisees named in said will, died on or about the 3d day of April 1858, without issue, unmarried and intestate; the other heirs of Julius Seely within named, her brothers and sisters still surviving, excepting Elizabeth Beaver who had died, but left issue still living. The question for the decision of the court in this case is: To whom did the interest of Caroline Seely, in the premises named, descend at her decease? to her surviving sister Chloe, or to the whole of the surviving brothers and sisters named, in equal shares? If to the former, judgment to be entered in favour of the defendants. If to the latter, judgment to be entered in favour of the plaintiffs for such a portion of said premises as they together are entitled to therein."

The costs to follow the judgment, and either party reserving the right to sue out a writ of error thereon.

The court below, on hearing the case, directed the entry of judgment for defendants, which was the error assigned here on writ of error by plaintiffs.

*Lowry & Wilson,* for plaintiffs in error.—The case shows that Caroline Seely died on or about the 3d day of April 1858, without issue, unmarried and intestate, leaving no father or mother, but leaving several brothers and sisters surviving. The Act of Assembly of 8th April 1833, provides that the real estate of such decedent shall descend to and vest in such brothers and sisters. Nor can Chloe Seely claim the portion of land devised by the will of Julius Seely to her and Caroline Seely, as survivor as joint tenant, because such survivorship is abolished by the Act of Assembly of 31st March 1812: Purd. Dig., 8th ed. 458. The words of the law are explicit, and comprehend all joint tenants: Bambaugh *v.* Bambaugh, 11 S. & R. 191.

[Seely *et al. v.* Seely *et al.*]

*H. W. Williams*, for defendants.—The question under this will is whether, upon the death of one of the devisees, without issue, the other has a life estate in the whole, or the moiety of the deceased devisee, goes to the heirs of the testator. If, by the terms of the will, Chloe and Caroline are to be regarded as joint tenants, the right of survivorship may exist, notwithstanding the Act of 31st March 1812, if expressly given. That the act does not apply to an estate given jointly to husband and wife, is held in several cases. See 8 W. & S. 107; 7 Barr 448; 9 Harris 347; 12 Id. 57. The words "I bequeath to my two daughters, Chloe and Caroline, the above described land," would have made them joint tenants, and survivorship would have followed as a legal incident, had the Act of 31st March 1812 not been passed. And in that case, to have added expressly, "to have and to hold to the survivor of them," would have been surplusage: Co. Lit. 191 a, note 1. Since the passage of the act, however, those words are not surplusage, but are held to give *expressly* what was formerly regarded as a mere *incident* to the estate, and which, existing only as an incident, is cut off by the statute. Though survivorship, as an incident to joint tenancy, was abolished by the Act of 1812, it may be expressly given by will or deed: 2 Harris 57. It is submitted, therefore, whether the words following the sentence quoted above, "to have and to hold during *their* natural lives, and after *their* decease to their heirs (if any they have), and if *they* die without heirs," &c., do not raise the right of survivorship from an incident to a principle.

It is said in a note, under the Act of 1812, in Purdon, to have been held that the statute does not apply to a "devise to two jointly for life:" citing 2 Phila. Rep. 17. But it is submitted whether the devise may not be regarded as giving an estate for life or in tail to the devisees with cross-remainders, and on default of issue, remainder over to the heirs of the devisor in fee, to be enjoyed by both during the life of both, by the survivor on the death of one, and on the death of both, to pass to the heirs of the devisor in fee. A similar devise was so construed in 12 Harris 57. In Walker *v.* Dunshee *et al.*, 2 Wright 430, the devise was "to my son and the heirs of his body; on default of issue, to my two daughters and the heirs of their bodies, to have and to hold, &c., in equal portions; on default of issue in either, then to the survivor and the heirs of her body; or in default of such issue, remainder to my right heirs and the right heirs of my wife." This was held to be "a devise to the three children in tail, with cross-remainders in tail, with a vested remainder to the right heirs of testator and his wife as tenants in common." In this case the remainder over is upon the default of issue in Chloe and Caroline. It is not "if either die without issue," but "if *they* die without issue."

[Seely *et al. v.* Seely *et al.*]

The opinion of the court was delivered, March 20th 1863, by THOMPSON, J.—The will of Julius Seely, deceased, gave to his daughters, Chloe and Caroline, the land, an undivided interest in which, is in controversy in this suit, "to have and to hold the same, and all the profits thereof, during their natural lives, and after their decease to their heirs (if any they have), and if they die without heirs, then the above land shall fall to my heirs."

This was held by the learned judge of the court below to be a joint tenancy in the devisees, and that the share of Caroline, on her decease, survived to her sister Chloe. In this we think there was error.

The Act of Assembly of 31st March 1812, abolished joint tenancies in Pennsylvania, excepting only perhaps in cases expressly created by deed or will, as held in Arnold *v.* Jack, 12 Harris 57, where a distinction is taken between the creation of such an estate by express terms, and its existence as an incident of title. It was there held, that it might be *expressly* created, but where it resulted as an incident from the form of the grant or devise, it was taken away by the act. We make no quarrel with this distinction now, for in this case a joint tenancy is not couched in express terms, so that the case cited, as well as the statute, is against its supposed existence. The court should not therefore have held, that Chloe Seely was entitled by survivorship to her deceased sister's undivided moiety in the premises.

What estate then did the will give to these two daughters? The Act of 1812 turns estates otherwise joint tenancies into tenancies in common, and this sufficiently answers the inquiry without more. We have then a tenancy in common for life to the first takers, Chloe and Caroline Seely, with an express limitation, "after their decease, to their heirs (if any they have), and if they die without heirs," then to the testator's heirs.

The word "heirs," as here used, evidently means "issue," for the limitation over is to the testator's heirs, in case the first takers die without "heirs." Of course the remainder-men would be their heirs, if they were heirs of the testator—so it was not this he meant, but issue. This then is a case of entailment. The devisees took, as tenants in tail, undivided moieties of the land devised.

Caroline Seely died about the 3d of April 1858, unmarried and without issue, and the remainder of her estate passed to the testator's heirs in fee, as provided by the will. The plaintiffs are heirs of the testator, and are entitled to recover according to their undivided interest in the case stated. Chloe is an heir also, and entitled to a share of the remainder of her sister's interest. She may defend for that now. With her, there are eight surviving heirs—one died without issue and unmarried, four join in this ejectment, and consequently are entitled to re-

[Seely *et al.* v. Seely *et al.*]

cover four-eighths or one-half of the undivided moiety of the land devised by the testator to Caroline Seely.

> March 20th 1863.  Judgment reversed, and judgment on the case stated is entered in favour of the plaintiffs for one-half of the undivided half of the land described in the case stated.