# Henry Sturm, Guardian of J. Vick O'Brien and Thomas H. O'Brien, Minor Children of John W. O'Brien, deceased, *v.* Jane F. Sawyer, Appellant.

*Joint tenancy—When incident of survivorship still exists.*

The doctrine of survivorship, or the jus accrescendi, which constitutes the distinguishing legal incident of joint tenancy, has not been wholly abolished by the act of March 31, 1812, 5 Sm. 395, and this incident may still exist when expressly provided for by deed or will, or when it arises by necessary implication.

*Joint tenancy—Prescription favors tenancy in common.*

While survivorship may be created by deed or will it is clear from all the authorities that an intent to do so will not be inferred in the absence of apt words indicating that purpose, and, unless the terms of an instrument expressly or by necessary implication call for a joint tenancy, a tenancy in common will be presumed. Each case must, therefore, stand largely on its own facts.

*Will—Construction—Tenancy in common.*

A devise and bequest to a son and daughter "to have, hold, use and enjoy the same fully, freely, absolutely, during their lives, at their death to be equally divided between their children; estate not to be divided until decease of both son and daughter. That as little obscurity as possible as to phraseology may rest upon the settlement of my estate, etc., it is my desire to invest each of my living heirs with a life estate in the income of my property with reversion over to their heirs as provided for." *Held,* that the testator uses terms that, etymologically and in law, import unlimited and independent bequests. Division and equality clearly dominate in the disposition of the income as well as of the corpus of his estate, and the effect is the creation of a tenancy in common.

*Wills—Construction—Distributive words.*

In cases where construction arises distinguishing between joint tenancy and tenancy in common, the distributive words "among," "any" and "each" are used to distinguish estates in common from joint tenancies and are given controlling effect in determining those estates to be tenancies in common.

Argued April 15, 1896. Appeal No. 44, April T., 1896, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1895, No. 180, in favor of the plaintiff on case stated. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Case stated. Before SLAGLE, J. Judgment for plaintiff for $500.

The following facts were stated in the opinion of the Superior Court.

" This action was brought to obtain a construction of the following clause of the will of John O'Brien: ' To my son John W. O'Brien, and my daughter Jane F. Sawyer, I give, devise and bequeath all my property, estate and effects, real, personal and mixed, of whatever kind or nature, and wheresoever situate at the time of my decease, to have and to hold and to use, occupy and enjoy the same fully, freely, absolutely, during their lives, at their deaths to be equally divided between their children, there shall be no division of the estate until both my son and daughter's decease.   That as little obscurity as possible as to phraseology may rest upon the settlement of my estate as provided in this my last will and testament, it is my design to invest each of my living heirs with a life estate in the income of my property with reversion over to their heirs as provided for.' "

The son, John, died January 5, 1895, leaving to survive him two children, of whom Henry Sturm, the plaintiff, is guardian.

*Error assigned* was entry of judgment in favor of plaintiff under case stated.

*Willis F. McCook*, for appellant, on the question of joint tenancy cited: Robb v. Beaver, 8 W. & S. 107 ; Diver v. Diver, 56 Pa. 106 ; Kerr v. Verner, 66 Pa. 326 ; Jack v. Arnold, 1 Grant, 405 ; Lentz v. Lentz, 2 Phila. Rep. 117 ; Seely v. Seely, 44 Pa. 434 ; Jones v. Cable, 114 Pa. 586.

*Levi Bird Duff*, with him *J. M. Cook*, for appellee, cited Jones v. Cable, 114 Pa. 586.

OPINION BY SMITH, J., July 16, 1896 (after stating the facts as above) :

The question raised by the case stated is whether the bequest to the testator's son and daughter made them joint tenants or tenants in common.

In feudal times joint tenancies were favored in law, because they prevented the division of services secured by the feudal system of tenures.   But the law of tenure having changed, the

reason for the right of survivorship ceased, and the courts thereafter inclined against joint tenancies. In the absence of words creating a tenancy in common, or words from which an intent to create such an estate might reasonably be implied, the rule of survivorship in a joint devise was still recognized and enforced; but to curtail this injustice as much as possible, the courts both of England and America seized upon any words indicating an intent to create a tenancy in common to declare in favor of that estate: McPherson v. McPherson, Add. 327; Martin v. Smith, 5 Binney, 16; Galbraith v. Galbraith, 3 S. & R. 392; Bambaugh v. Bambaugh, 11 S. & R. 191. To still more effectually prevent survivorship, the act of March 31, 1812, provided that—" If partition be not made between joint tenants, whether they be such as might have been compelled to make partition or not, or whatever kind the estate or thing holden or possessed be, the parts of those who die first shall not accrue to the survivors, but shall descend or pass by devise and shall be subject to debts, curtesy or dower, or transmissible to executors or administrators, and be considered to every other intent and purpose, in the same manner as if such deceased joint tenants had been tenants in common. Provided, that nothing in this act shall be taken to affect trust estates."

Notwithstanding this act (which applies to both real and personal property: Yard's Appeal, 86 Pa. 128) the doctrine of survivorship, or the jus accrescendi, which constitutes the distinguishing legal incident of joint tenancies, has not been wholly abolished, and this incident may still exist when expressly provided for by deed or will, or when it arises by necessary implication: Arnold v. Jack's Executors, 24 Pa. 57; Kerr v. Verner, 66 Pa. 326; Jones et al. v. Cable, 114 Pa. 586. But while survivorship may be thus created, it is clear from all the authorities that an intent to do so will not be inferred in the absence of apt words indicating that purpose: McVey v. Latta et al., 4 W. N. C. 524; Seely v. Seely, 44 Pa. 434. We need not attempt to reconcile the rule laid down in Kennedy's Appeal, 60 Pa. 511, with the ruling in Jones v. Cable, supra, or to make clear the guiding distinction between the latter case and that of Seely v. Seely, supra. The safer course is to decide each case upon its own facts, and in accordance with the principle, which seems in harmony with the decisions of the Supreme

Court, that *unless the terms of the instrument expressly or by necessary implication call for a joint tenancy, a tenancy in common will be presumed.*

Measuring the case in hand by this rule, it is evident that John O'Brien, the testator, did not intend to have the interests which he bequeathed to his son and daughter unite in the survivor, on the death of either. He gives to each a life estate in all his property, real and personal, "fully, freely, absolutely," and this property is "at their deaths to be equally divided between their children."

Here he uses terms that, etymologically and in law, import unlimited and independent bequests. Division and equality clearly dominate in the disposition of the income as well as of the corpus of his estate. Each of his living heirs is to have a life estate in the income of his property absolutely. Apart from the act of March 31, 1812, this fulfils the legal requirements of a tenancy in common. An absolute estate is one free from condition or incumbrance of any description; it imports complete and unqualified ownership and dominion. In Oswald v. Kopp, 26 Pa. 518, it was held that the word "absolutely," when added to a devise which otherwise would vest a life estate, raised it to a fee simple. In the present case, in order to give due effect to the word "absolutely" as used by the testator, it is necessary to hold that he bequeathed the undivided one half part of the use and income of his estate to his son and daughter in severalty, so that instead of each being seized of an undivided moiety of the whole, each has the whole of an undivided moiety.

But the testator's meaning is not left to this construction. In order to more clearly define his intention, he adds, "it is my design to invest each of my living heirs with a life estate in the income of my property." The word "each" is here employed as a distributive adjective pronoun, and means that each one is considered individually and separately from the other; it implies individuality and separateness. In law the word has like signification. Thus in a bond of two or more the term "each" makes the obligation several, and binding individually as well as jointly: Geddis v. Hawk, 10 S. & R. 33; Besore v. Potter, 12 S. & R. 158. When used adjectively the word "each" has also been held to transmute what would otherwise be a joint tenancy into an estate in common. Thus in Eales v. Cardigan, 9 Simons

(C. R.), 384, where the testatrix gave to her servants A and B, his wife, an annuity of £200 a year each, for their lives and the life of the survivor, it was held that each was entitled to £200 during their joint lives and the life of the survivor, and on the death of the husband his representatives were entitled to the annuity bequeathed to him during the life of the surviving widow.    Again, in Hatton v. Finch, 4 Beav. 186, in construing the clause of a will whereby the testator "bequeath unto the said Jane Finch and Susanna Eifford the sum of 25 pounds per annum each, for and during the term of their natural lives," the master of the rolls said: "I cannot at all agree with the argument that there is any joint tenancy here.    I think the gift to Jane Finch and Susanna Eifford of the sum of £25 per annum each is the same as if he had said 'I give £25 per annum to Jane Finch and £25 per annum to Susanna Eifford.' "

Our own Supreme Court has given similar force to the word "each" and its equivalents in Martin v. Smith and Galbraith v. Galbraith, supra.    In these cases the distributive words "among," "any" and "each" are used to distinguish estates in common from joint tenancies, and are given controlling effect in determining those estates to be tenancies in common.    Other authorities are cited in 3 Jarman on Wills (5 Am. ed.), 10.

In consonance with the doctrine of the cases we have referred to, we hold that the testator did not make a joint tenancy in this case, but in express terms created a tenancy in common between his son John and his daughter Jane in the life estates bequeathed them.

It does not appear from the paper-books that there was any case pending in the court below, by the issuance of a summons or by amicable action, upon which to base the case stated; but as that essential prerequisite may have been supplied we give to the proceedings the presumption of regularity, and dispose of the case.

What has been said rules the question raised upon the record and we volunteer nothing further.

The judgment is affirmed.