## Dougherty, Appellant, *v.* Cumberland County.

*Appeals—Case stated—Pending suit—Quashing appeal.*

An appeal from a judgment on a case stated will be quashed where there is nothing to show the existence of a pending suit.

Argued March 9, 1903. Appeal, No. 5, March T., 1903, by plaintiff, from judgment of C. P. Cumberland Co., on case stated in suit of W. H. Dougherty v. Cumberland County. Before BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ. Appeal quashed.

Case stated to determine whether the sheriff was entitled to a fee of fifty cents for each vagrant committed to the county jail.

*Error assigned* was in entering judgment for defendant on the case stated.

*Fillmore Maust,* with him *F. E. Beltzhoover,* for appellant.

*E. M. Biddle, Jr.,* for appellee.

PER CURIAM, April 20, 1903:

This is a case stated. A copy of the docket entries, if there were any, is not printed. Whether an action, amicable or otherwise, is pending, we cannot say. If there be none, a failure in this respect is fatal to the appeal. "In a case stated it must appear that there is an action, amicable or otherwise, pending between the parties and that the dispute between them is real and not merely colorable and suggested only in order to have the law ascertained. In other words, there must be presented an issue over which the court has jurisdiction and which can appropriately be settled by its judgment;" 2 P. & L. Dig. of Dec. 2491. See also Forney et al. v. The County of Huntingdon, 6 Pa. Superior Ct. 397.

We have not been inclined to hold this rule very strictly where there is evidence of any kind from which we can infer the pendency of a suit. In the absence of any evidence on the subject, however, we deem it our duty to quash the appeal.

Appeal quashed.