# Hafer *v.* McKelvey, Appellant.

*Gift— Gift inter vivos—Delivery.*

To make a valid gift there must be not only an intention to make it, but to do so at the time, and not in the future, and it must be accompanied by an actual or constructive delivery to the donee by which the donor releases all dominion over the property and invests the donee with full title to and control over the same.

Where a boarder who has only been acquainted with his boarding house keeper for eighteen days, after paying her in full for his board, gives to her a promissory note saying that if he does not come back it is hers, and shortly thereafter dies intestate and unmarried, the boarding house keeper cannot retain the note as against the administrator of the deceased.

*Practice, C. P.—Case stated—Pending action.*

There must be a pending action upon which to base a case stated.

Argued Feb. 10, 1903.   Appeal, No. 2, Feb. T., 1903, by defendant, from judgment of C. P. Lycoming Co., March T., 1902, No. 273, for plaintiff on case stated in suit of John B. Hafer, Administrator of Miles Hafer, deceased v. Angus McKelvey. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Case stated to determine the ownership on a promissory note. The facts are set forth in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Otto G. Kaupp*, with him *John E. Cupp*, for appellant, cited : Pringle v. Pringle, 59 Pa. 281 ; Young's Est., 202 Pa. 431 ; Com. v. Compton, 137 Pa. 138 ; Funston v. Twining, 202 Pa. 88 ; Wagoner's Est., 174 Pa. 558 ; Madiera's App., 17 W. N. C. 202.

*W. C. Gilmore*, for appellee, cited : Fross's App., 105 Pa. 258 ; Walsh's App., 122 Pa. 177 ; Clapper v. Frederick, 199 Pa. 609 ; Flanagan v. Nash, 185 Pa. 41 ; Com. v. Compton, 137 Pa. 138.

OPINION BY ORLADY, J., May 22, 1903 :

From the case stated it appears that Miles Hafer became a boarder in the defendant's boarding house on October 1, 1901, and remained there as such until October 19, 1901. On October 18, after having paid the defendant in full, he exhibited to her a note, of which the following is a copy :

"WILLIAMSPORT, June 3, 1901.

" One year after date, I promise to pay to Miles Hafer Two Hundred and Thirty Dollars, for value received, at five per cent interest.

"H. S. BROWNWELL."

and stated that he was going with his father, Thomas Hafer, to Kittanning, Pa., and would leave his trunk and its contents in her custody. He handed to her the note and said, " Here is this note ; if I don't come back it is yours." Accompanied by his father he went the next day to Kittanning at which place he took ill and died intestate, and unmarried, on December 24, 1901. On December 27, 1901, Mrs. McKelvey notified H. S. Brownwell, the maker, in writing, that she was the holder of the note and demanded payment at its maturity. Soon thereafter letters of administration on the estate of Miles Hafer were granted to John B. Hafer, who made demand on Mrs. McKelvey for the note, which she refused to surrender. The

estate of Miles Hafer consisted of a bicycle, a watch, some clothing, claims for money, aggregating $75.00, and the note in controversy; and his debts, funeral expenses and the expenses of administration aggregated about $150. The question involved is stated to be, "Is a gift inter vivos, of a promissory note, rendered invalid when dependent upon the contingency of the donor's death." It is now well settled that a valid gift of nonnegotiable securities may be made by delivery of them to the donee without assignment or endorsement in writing. This principle has been applied to notes, bonds, stocks and deposit certificates and life insurance policies: Com. v. Compton, 137 Pa. 138; Hani v. Germania Life Insurance Co., 197 Pa. 276. While a gift needs no consideration to support it, yet the conditions surrounding the donor and donee are frequently cited to interpret the intention of the parties, and if they are competent to give and competent to receive and the transaction is completed by a voluntary transfer of possession, it is regarded by the law as an executed contract. See Pryor v. Morgan, 170 Pa. 568.

From all that appears by this record Miles Hafer and Mrs. McKelvey had been acquainted for but eighteen days and there was no relation or special confidence existing between them: there was no past indebtedness to cancel, and no trust suggested in relation to the money represented by the note. To make a valid gift there must have been not only an intention to make it but to do so at the time and not in the future, and it must be accompanied by an actual or constructive delivery to the donee by which the donor released all dominion over the property and invested the donee with full title to and control over the same. Without a complete delivery there can be no valid gift inter vivos, though every step be taken that is essential to the validity of the gift; if there is no delivery the gift must fail. Intention cannot supply it; words cannot supply it; actions cannot supply it; it is an indispensable requisite without which the gift fails, regardless of consequences, and the test of delivery is the change of property, the immediate right to the entire dominion over the subject of the gift, a perfect title which is as good against the donor as anyone else: Thornton on Gifts, 105–110. The burden is on the donee to show that there was a perfected gift and the case stated shows no more than that she

was a mere depository or agent. It would not be pretended that Miles Hafer could not have recovered the note had he personally made demand for it, and his right to recover it from her determines her right or want of right to withhold it from his administrator. See Williams and Harding's Appeals, 106 Pa. 116; McDermott's Appeal, 106 Pa. 358; Smith's Estate, 144 Pa. 428; Clapper v. Frederick, 199 Pa. 609; Funston v. Twining, 202 Pa. 88; Huggins's Estate, 204 Pa. 167; Huber's Estate, 21 Pa. Superior Ct. 34; Hawn v. Stoler, 22 Pa. Superior Ct. 307; O'Donnell v. Gaffney, 22 Pa. Superior Ct. 316.

We do not overlook the irregularities in the case stated, which in practice is but a substitute for a special verdict. There must be a pending action upon which to base it. See 1 Troubat & Haly's Practice, sections 732, 733, 734; Diehl v. Ihrie, 3 Wharton, 143; Whitesides v. Russell, 8 W. & S. 44; Kinsley v. Coyle, 58 Pa. 461; Sturm v. Sawyer, 2 Pa. Superior Ct. 254; Doughterty v. County, 22 Pa. Superior Ct. 591; Forney v. Huntingdon County, 6 Pa. Superior Ct. 397, in which case the question was squarely raised by the record as an indispensable jurisdictional fact.

The appeal might well have been quashed for the reason that the paper-books do not show that there was any action pending in the court below, by the issuance of a summons, or by an amicable action, upon which to base the case stated. Inasmuch as no motion was made therefor we dispose of the case on its merits. The assignments of error are overruled and the judgment is affirmed.