## Byer's Estate.

*Jurisdiction, O. C.—Ownership of funds in possession of third person—Issue to Common Pleas—"Substantial dispute"—Proof—Gift mortis causa—Presumption.*

1. Where there is a substantial dispute as to the ownership of funds or property between an administrator, who has never had possession of them, and one in possession claiming them as a gift from decedent, the Orphans' Court has no jurisdiction, but must grant an issue to the Common Pleas.

2. Such substantial dispute does not exist, however, where it appears that the property consists of stock, notes and bank books in the name of decedent, kept in a room occupied by her in respondent's house, and the respondent claims by gift executed by delivery of possession by decedent two days prior to her death, but no proof thereof was given other than the mere formal averment of the fact in the answer filed by claimant, who was an incompetent witness.

3. Mere possession of such securities by claimant does not raise a presumption of a gift *mortis causa.*

Exceptions to master's report.  O. C. Phila. Co., Oct. T., 1926, No. 3992.

*Jacob Weinstein* and *Maurice J. Speiser,* for respondent, exceptant.

*Harry Shapiro,* for petitioner, contra.

STEARNE, J., June 29, 1928.—Respondent challenges the jurisdiction of the Orphans' Court in the present controversy. Decedent in her lifetime was possessed of personal property consisting of shares of stock in various corporations, promissory notes and of cash deposits in a bank. All stood, and still stand, in her name. After the death, possession of this property was discovered in the respondent, a stranger to the blood, who was the proprietor of the rooming-house where decedent roomed. Petitioner, the administratrix, secured a citation on the respondent to show cause why the property should not be delivered to the administratrix. The answer admits all of the above facts, but alleges that two days prior to the death the decedent made a gift, *donatio causa mortis,* to the respondent. A replication was filed and the matter was referred to a master, whose report is now before us for confirmation.

It is undoubtedly a correct statement of law that *where there is a substantial dispute* as to the ownership of funds between an administrator, who has never had possession of them, and a person claiming them as a gift from the decedent, an issue should be granted to the Common Pleas. The Orphans' Court has no jurisdiction: Blaszcak's Estate, 90 Pa. Superior Ct. 589; Williams's Estate, 236 Pa. 259. Under 'the facts before us, does a *"substantial dispute"* exist? Can it be held to exist where the dispute is merely a *pleaded one?* (See opinion of Mr. Justice Simpson in Fleming's Estate, 265 Pa. 399.) An examination of the authorities convinces us that the burden is on the respondent to establish a *prima facie* title. A mere *allegation* of gift *donatio causa mortis* by one who is himself incompetent to testify does not oust the jurisdiction of this court and preclude our examination of the facts. As the record reveals that no proofs were offered by the respondent, he may not rely on his allegation in his answer, the same having been traversed by the filing of the replication. As no dispute is shown to exist, the property passes into the estate for lawful administration and distribution. If, however, the claimant's *proofs* are such as to establish a *prima facie* or colorable title, then this court is unable to decide the question of fact, and thereupon grants an issue to the Common Pleas.

This was specifically ruled by our present Chief Justice in Williams's Estate, *supra,* where he quotes with approval the following excerpt from Cutler's

Estate, 225 Pa. 167, page 207: "If at testator's death the property is shown to have been in his possession, *or if for any other reason it was presumptively his*, a mere denial of his ownership, unsupported, will not oust the court of its jurisdiction, but the court may proceed with its investigation so far as to inform itself whether the denial is made in good faith and a substantial dispute exists."

While the certificates, notes and bank-book were not shown to have been in decedent's possession at the time of her death, yet the fact that they stood in the name of decedent, and still so stand, is *prima facie* evidence that they belong to the estate: Williams's Estate, *supra*, 272. Bank deposits are *prima facie* the money of the depositor: Qualters's Estate, 147 Pa. 124; Gaffney's Estate, 146 Pa. 49; Crosetti's Estate, 211 Pa. 490. Certificates in the name of a person import ownership in him: Paxson's Estate, 225 Pa. 204. These principles are reviewed, and admirably stated, by our own President Judge in Cameron's Estate, 23 Dist. R. 1074, wherein he held that where bonds are registered in the name of decedent, but have been taken possession of by a third person under a claim *inter vivos*, such person must first establish a *prima facie* right.

With these principles as our guide, we have carefully reviewed this record. As the petitioner proved a *prima facie* case, and the respondent offered no testimony whatsoever, we do not propose to rule upon the various questions raised concerning the rules of equity practice. We cannot refrain from observing, however, that counsel would have done better to have heeded the requests of the master for more detailed evidence concerning the facts and surrounding circumstances. However, we are able to arrive at our decision upon the record as presented.

Before the master, counsel for the respondent admitted possession of the stock, notes and bank-book, and that they all were, and still are, in the name of the decedent; he also admitted that decedent was a roomer in the respondent's house, and that the decedent had kept the securities in a box in her room in that house; evidence was produced to show that the decedent was the registered owner of the securities in question on the books of the various corporations. Petitioner, by these admissions and proof, was relieved of further evidence, and rested. Respondent declined to offer any testimony, and moved to dismiss the petition. He stated that he relied on Gourley *v.* Linsenbigler, 51 Pa. 345, and O'Donnell *v.* Gaffney, 22 Pa. Superior Ct. 316, holding, in effect, that a valid gift *donatio mortis causa* may be made without formal assignment. No one disputed this. The error into which respondent fell was in assuming that the mere *possession* of securities, standing registered in the name of another, raises a presumption of a gift *de mortis causa*. Why not a presumption that he held them for safekeeping only, or for some other logical and legal reason? All he relies upon is his naked averment in his answer, which, as we said above, is a self-serving averment of an interested and incompetent witness. After the petitioner proved her title, and that the property was "presumptively the decedent's," the burden fell upon the respondent to establish, by competent testimony, a *prima facie* title. As he failed to do this, no "substantial dispute" is shown to have existed, and respondent must turn over the personal property in question to the petitioner as administratrix of this estate.

That the master may have altered his original opinion upon exceptions of petitioner was entirely within his province. This is the very purpose and intent of exceptions to all judicial procedure and decision. Upon the amended report and exceptions thereto by respondent, it was the duty of counsel for

respondent to have argued the exceptions and given the master the benefit of his thought and labor. Having elected not to argue them, the master, after due consideration, ruled that there was nothing in the exceptions to cause him to alter his decision, and he thereupon filed the entire record for our consideration. We find no substantial error by the master in this procedure.

We, therefore, dismiss the exceptions to the master's supplemental report and confirm the same, and make the following

### Decree.

And now, to wit, June 29, 1928, it is ordered and decreed that the exceptions filed to the supplemental report of the master be dismissed and the report confirmed.

It is further ordered that the respondent, Samuel Archess, do, within ten days from the date of this decree, deliver to Ida Goldstein, administratrix of the said Anna Byer, deceased, full and complete physical possession of all the property claimed by said administratrix, as particularly set out in the petition for citation in this case, and without prejudice to the said respondent to appear at the audit of the account of the said administratrix and present whatever lawful claims he may have to the property in question.

It is further ordered that said Samuel Archess, respondent, pay all the costs of this citation, including stenographer's bill, witness fees and master's fee of $500.

GEST and VAN DUSEN, JJ., did not sit.