## Penrose's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*William J. Ballen,* for exceptant; *Lynn L. Detweiler,* contra.

GEST, J., June 16, 1933.—The exceptant claimed the proceeds of certain traveller's checks issued in the name of the decedent and collected after his death by his executor, on the ground that the decedent had given them to her inter vivos. The adjudication contains a fair resumé of the important evidence, and the auditing judge felt constrained to dismiss the claim. We are likewise constrained to dismiss the exceptions.

To establish a valid gift inter vivos, the donee must prove the donor's intention to make the gift and its delivery to the donee, thus investing the donee with title to and control over the property according to its nature, and there must further be shown acceptance by the donee. The intention of the decedent to make the gift in this case and the delivery of the thing given may be conceded, but the gift was declined in the form in which it was tendered, and the checks were redelivered to the donor, who retained possession of them until his death. It was urged that he kept them as trustee for the claimant but there is no evidence of that save that the claimant's mother testified to a declaration by the decedent that he would take care of the checks for her, but that is equivalent to what she had previously refused to accept, and there is nothing to show that she agreed to such additional arrangement. The evidence to be sufficient to make out a trust in this case should be as clear and positive as that which is necessary to support the original gift. See Smith's Estate, 144 Pa. 428; Rocks et al. v. Sheppard, 302 Pa. 46.

Counsel for the exceptant has cited no authority which sustains her contention, and the principles of law applicable to the case may be found in Hafer v. McKelvey, 23 Pa. Superior Ct. 202, Lippe's Estate, 19 Phila. 212, and Allshouse's Estate, 304 Pa. 481.

The exceptions are dismissed and the adjudication is confirmed absolutely.